THE STATE OF NEVADA, Upon the Complaint of
WALTER J. RICHARDS, Appellant, *v.* THE
CITY OF LAS VEGAS, a Municipal Corporation,
and S. GEORGE GILSON, Respondents.

No. 3943

March 5, 1957                                    307 P.2d 777

*Messrs. Zenoff, Magleby & Manzonie,* of Las Vegas;
*Harvey Dickerson,* Attorney General, for Appellant.

*Howard W. Cannon,* City Attorney, and *Ralston O.
Hawkins,* Assistant City Attorney, of Las Vegas, for
Respondents.

## OPINION

By the Court, EATHER, J.:

This is an action in quo warranto to try title to the office of judge of the municipal court of the city of Las Vegas. The lower court ordered dismissal of the action for failure of the complaint to state a claim upon which relief could be granted. This appeal is from judgment of dismissal.

Relator was elected to the office of municipal judge of the city of Las Vegas in May 1953. He contends that he was then elected for a term of four years to run until May 1957. In May 1955, an election for the office was held over his protest. He ran for office in that election and was defeated by respondent S. George Gilson. Relator here contends that the 1955 election was unauthorized and void, there being no vacancy to be filled at that time. He seeks removal of Gilson from office and the establishment of his own right to the office.

The sole question involved is one of statutory construction; whether, under the statute then in effect relator's election in 1953 was for a term of four years to run from May 1953 to May 1957.

The statute involved is sec. 3 of Ch. II of the charter of the city of Las Vegas. Prior to 1953 the pertinent portion of that section read (1949 Stats. Nev., Ch. 132, sec. 4, p. 221) "On the first Tuesday after the first Monday in May 1939, and on the same day every two years thereafter, there shall be elected at large by the qualified voters of said city a judge of the municipal court who shall be elected and hold office for a period of two years and until his successor is elected and qualified. On the first Tuesday after the first Monday in May 1945, and on the same day every two years thereafter, there shall be elected at large by the qualified voters of said city, a city attorney, who shall be elected and hold office for a period of two years and until his successor is elected and qualified." The term of the incumbent elected in 1951 under this section thus terminated in May 1953.

In March 1953 this statutory provision was amended, effective immediately, to read as follows (1953 Stats.

Nev., Ch. 105, sec. 2, p. 102) : "On the first Tuesday after the first Monday in May 1939, and on the same day every *four* years thereafter, there shall be elected at large by the qualified voters of said city a judge of the municipal court who shall be elected and hold office for a period of *four* years and until his successor is elected and qualified. On the first Tuesday after the first Monday in May 1945, and on the same day every *four* years thereafter, there shall be elected at large by the qualified voters of said city, a city attorney, who shall be elected and hold office for a period of *four* years and until his successor is elected and qualified."

This was the effective law at the time of relator's election in 1953. Relator emphasizes that the amendment of 1953 extended the term of office of municipal judge from two years to four years; that by the express provision of sec. 7 of the act it became effective upon passage and approval. His construction of the legislative intent thus demonstrated is that the May 1953 election was for a term of four years. He contends that to hold that the election was for a term of but two years in the face of the amendment, would clearly defeat the legislative intent.

But the statute provides a dual purpose. It fixes the length of the term of office and necessarily specifies the quadrennial span of that term, specifically fixing the years in which election shall be held and between which the term shall run. Relator's construction of the statute wholly ignores the second and essential purpose.

It may be noted that in the case of both municipal judge and city attorney the reference date by which the quadrennium of the term of office would be ascertained remains unchanged by the 1953 amendment. By that reference date the legislature, by unavoidable implication, has stated that election for municipal judge shall be held in the year 1955 for a term of four years and that election for the office of city attorney shall be held in the year 1953 for a term of four years. Acceptance of relator's construction of the statute would strike from the act the essential quadrennial reference by means of which the span of term of office was fixed and would

substitute an unexpressed quadrennium and specification of election year contrary to the express provisions of the act. Further it may be noted that the amendment by giving to each of these two offices its separate reference year has provided for staggered terms between the two offices. To accept relator's construction of legislative intent would be to ignore the plausible possibility that staggered terms were deemed advisable by the 1953 legislature.

Relator contends that the subsequent legislative history lends strength to his position. In 1955 the section was again amended to provide (1955 Stats. Nev., Ch. 110, sec. 1, P. 155) : "On the first Tuesday after the first Monday in May *1945,* and on the same day every four years thereafter, there shall be elected at large by the qualified voters of said city both a judge of the municipal court and a city attorney, who shall be elected and hold office for a period of four years and until their successors are elected and qualified."

Relator contends that since the 1955 amendment brings the quadrennium into line with a 1953–1957 term it indicates that the 1955 legislature was but clarifying what the 1953 legislature had left in a state of some ambiguity.

We cannot accept this explanation, however. It requires us to give to the 1953 amendment a legal significance wholly inconsistent with the 1955 amendment and also to assume that legislative intent in both 1953 and 1955 remained constant notwithstanding different statutory provisions.

We conclude that we must give effect to the reference date 1939 expressed in the 1953 amendment as fixing the years within which elections to the office of municipal judge are to be held in Las Vegas and as fixing the quadrennium controlling the span of the term of such office. It follows that the trial court acted properly in ordering dismissal of this action.

Judgment affirmed.

BADT, C. J., and MERRILL, J., concur.